# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MORRIS,<br><br>    Plaintiff,<br><br> v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>    Defendants. | 1:09-cv-00026 LJO GSA<br><br>**ORDER TO SHOW CAUSE WHY SUMMONS AND COMPLAINT HAVE NOT BEEN SERVED IN COMPLIANCE WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff Gregory Morris, originally pro se and currently represented by counsel,[1] filed his complaint on June 4, 2007, in the Northern District of the United States District Court, alleging numerous violations of his civil rights and other rights protected by federal disability laws. (Doc. 1.) On December 21, 2007, summonses were issued as to the Fresno Fire Department, Fresno County District Attorney's Office, State Bar of California and the City of Fresno. (Doc. Entry 12/21/07.) On January 18, 2008, the summonses directed to the State Bar of California, City of Fresno, Fresno County District Attorney's Office and the Fresno Fire Department were returned executed. (Docs. 11-14.)

---

[1] On October 2, 2008, a Substitution of Attorney was filed with the Northern District of California wherein Michael J. McGinnis became Plaintiff's counsel of record. (Doc. 45.)

1   On January 25, 2008, an answer was filed on behalf of Defendants the Fresno Fire
2   Department, Don McAlpine and the City of Fresno.  (Doc. 15.)  On January 30, 2008, a Motion
3   to Dismiss was filed on behalf of Defendants the State Bar of California, State Bar Board of
4   Governors, and the State Bar Lawyer Assistance Program ("State Bar Defendants").  (Doc. 18.)
5   On February 26, 2008, Defendants Fresno County District Attorney's Office and Elizabeth Egan
6   filed an answer to the complaint.  (Doc. 28.)

7   On August 22, 2008, the Honorable Phyllis J. Hamilton of the Northern District issued an
8   Order granting the State Bar Defendants' motion to dismiss.  More particularly, the Court
9   dismissed, with prejudice, Plaintiff's first, second and third claims for relief against the State Bar
10  Defendants based upon the *Rooker-Feldman*[2] doctrine and Eleventh Amendment immunity.
11  (Doc. 42.)

12  On October 15, 2008, Defendants Fresno Fire Department, Don McAlpine and the City of
13  Fresno filed a motion for change of venue.  (Doc. 47.)  On October 16, 2008, Defendants Fresno
14  County District Attorney's Office and Elizabeth Egan joined the motion.  (Doc. 48.)

15  On December 19, 2008, Judge Hamilton issued an order granting the motion to transfer
16  the matter to this Court.  (Doc. 56.)  The case was subsequently transferred on January 7, 2009.
17  (Doc. 58.)

18  Following a motion to amend its answer, Defendants Fresno County District Attorneys'
19  Office and Elizabeth Egan filed a First Amended Answer on August 7, 2009.  (Doc. 76.)

20  To date, Plaintiff has filed no documents to show proof of service of the summons and
21  complaint on Defendants Safeco Insurance Company, Safeco Insurance Company of America,
22  Safeco Insurance Company of Illinois, Robert Dirscal,[3] Crawford and Company, Option One
23  Mortgage Company, Long Beach Mortgage Company, Premier Trust Deed Services Company, or

---

[2]*Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3]For the sake of clarity, "Dirscal" is the spelling on the face of Plaintiff's Complaint; however, Judge Hamilton's August 2008 order, references both to a "Robert Driscal" and a "James Driscoll."  *See* Doc. 42 at n. 1 & n. 4.

2

San Francisco Safeco Legal Services Company,[4] as named in his June 4, 2007, complaint and to comply with Rule 4(i) and (m) of the Federal Rules of Civil Procedure.  None of the aforementioned defendants have appeared in this action.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

More than 120 days have elapsed since Plaintiff filed the summons and complaint in this action.  Thus, this Court ORDERS Plaintiff, no later than December 8, 2009, to show cause in writing why Plaintiff has failed to: (1) file documents to show proof of service of the summons and complaint on the aforementioned defendants to comply with Rule 4(i) of the Federal Rules of Civil Procedure; and (2) accomplish service of the summons and complaint on the aforementioned defendants within 120 days of filing the complaint to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

**Plaintiff is admonished that this Court will recommend dismissal of this action if Plaintiff fails to comply with this Order and to show good cause for failure to accomplish service of the summons and complaint.**

IT IS SO ORDERED.

Dated:  **November 24, 2009**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

---

[4] The face of the Complaint actually reads "San Francisco Safco Legal Services Company."