# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MORRIS, | 1:09-cv-00026 LJO GSA |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS UNSERVED DEFENDANTS** |
| v. | |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Gregory Morris, originally pro se and currently represented by counsel,[1] filed his complaint on June 4, 2007, in the Northern District of the United States District Court, alleging numerous violations of his civil rights and other rights protected by federal disability laws. The complaint named a total of seventeen defendants. (Doc. 1.)

On November 24, 2009, this Court issued an order to show cause directing Plaintiff to explain in writing why he has failed to serve the summons and complaint on the following Defendants: Safeco Insurance Company, Safeco Insurance Company of America, Safeco

---

[1] On October 2, 2008, a Substitution of Attorney was filed with the Northern District of California wherein Michael J. McGinnis became Plaintiff's counsel of record. (Doc. 45.)

Insurance Company of Illinois, Robert Dirscal,[2] Crawford and Company, Option One Mortgage Company, Long Beach Mortgage Company, Premier Trust Deed Services Company, and San Francisco Safeco Legal Services Company.[3] The order admonished Plaintiff that dismissal would be recommended "**if Plaintiff fails to comply with this Order and to show good cause for failure to accomplish service of the summons and complaint.**" (Doc. 92 at 3, emphasis in original.) Plaintiff has failed to file documents to show proof of service of the summons and complaint on the Defendants identified. Plaintiff has also failed to show cause in writing why these Defendants should not be dismissed.

## DISCUSSION

### *Failure to Serve Defendants*

Federal Rules of Civil Procedure Rule 4(m) sets a 120-day time limit to serve a summons and complaint on a defendant:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The rule "encourages efficient litigation by minimizing the time between commencement of an action and service of process." *Electric Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992) (addressing former F.R.Civ.P. 4(j)).

This action has proceeded for more than two years, and Plaintiff has failed to pursue his claims against Safeco Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Robert Dirscal, Crawford and Company, Option One Mortgage Company, Long Beach Mortgage Company, Premier Trust Deed Services Company, and San Francisco Safeco Legal Services Company. The November 24, 2009, order granted Plaintiff an

---

[2] For the sake of clarity, "Dirscal" is the spelling on the face of Plaintiff's Complaint; however, Judge Hamilton's August 2008 order, references both to a "Robert Driscal" and a "James Driscoll." *See* Doc. 42 at n. 1 & n. 4.

[3] The face of the Complaint actually reads "San Francisco Safco Legal Services Company."

opportunity to explain why these Defendants should not be dismissed.  Plaintiff has not responded to the order.  Plaintiff has not attempted to establish good cause for his failure to serve the aforementioned Defendants.

### *Failure To Comply With Court Orders*

In addition, Plaintiff has failed to comply with the November 24, 2009, order in that he has not filed papers to address service of the aforementioned Defendants nor has he explained why these Defendants should not be dismissed.  This Court's Local Rule 11-110 provides that the ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)  (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24;  *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

//

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of the dismissal of Safeco Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Robert Dirscal, Crawford and Company, Option One Mortgage Company, Long Beach Mortgage Company, Premier Trust Deed Services Company, and San Francisco Safeco Legal Services Company, as Plaintiff has not advanced his claims against these Defendants with his unexplained failure to serve them with process. The third factor -- risk of prejudice to defendant -- also weighs in favor of the dismissal of the aforementioned Defendants since a presumption of injury arises from unreasonable delay to prosecute an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of the aforementioned Defendants' dismissal. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The November 24, 2009, order admonished Plaintiff that the Court would recommend dismissal for a failure "**to comply with this Order and to show good cause for failure to accomplish service of the summons and complaint**." (Doc. 92 at 3, emphasis in original.) Thus, Plaintiff received adequate warning that the dismissal of these Defendants would result from noncompliance with this Court's order and failure to prosecute this action. Quite simply, Plaintiff has failed to comply with this Court's order to address service of process on the aforementioned Defendants and to pursue claims against them.

**CONCLUSION AND RECOMMENDATION**

Accordingly, this Court RECOMMENDS to DISMISS without prejudice this action against Safeco Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Robert Dirscal, Crawford and Company, Option One Mortgage Company, Long Beach Mortgage Company, Premier Trust Deed Services Company, and San Francisco Safeco Legal Services Company: (1) on the grounds that Plaintiff has failed to take measures to accomplish service of process upon the aforementioned Defendants; and (2) pursuant to Local

Rule 11-110 for Plaintiff's failure to comply with this Court's November 24, 2009, order, to meaningfully and intelligently respond to the order, and to prosecute claims against the aforementioned Defendants.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within ten (10) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

**Dated:   December 16, 2009**                    /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE