IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MORRIS, | CASE NO. CV F 09-0026 LJO GSA |
| Plaintiffs, | **ORDER ON DEFENDANT FRESNO FIRE DEPARTMENT'S AND MACALPINE'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. / | |

By notice filed on February 9, 2010, Defendants the City of Fresno, the Fresno Fire Department ("Fire Department") and Donald MacAlpine (all collectively referred to as "defendants") move for judgment on the pleadings on Plaintiffs' Fourth, Fifth, and Sixth Causes of Action in the Complaint, and for judgment that the Fire Department and Defendant MacAlpine are improper parties. Defendants also move for judgment on the pleadings as to the claims for Obstruction of Justice and for Terrorists Threats. Plaintiff Gregory Morris did not file an opposition. Pursuant to Local Rule 230(g), this matter was submitted on the pleadings without oral argument. Having considered the moving papers, as well as the Court's file, the Court issues the following order.

## FACTUAL BACKGROUND

**A.     Factual Overview**

This is an action by plaintiff Gregory Morris ("plaintiff") against multiple persons and entities, generally alleging numerous violations of plaintiff's civil rights and other rights protected by federal disability laws.

Plaintiff was an attorney admitted to the practice of law in the State of California. (Doc. 1, Complaint ¶ 53.)  In 2002, plaintiff also owned a home located in Fresno, California. (Doc. 1, Complaint ¶¶ 19, 90.)  Plaintiff's home was insured for fire damage and limited property damage/loss. (Doc. 1, Complaint ¶ 216.)  On August 15, 2002, plaintiff alleges an accidental fire occurred at plaintiff's home. The fire was investigated by the insurer and the Fresno Fire Department, among other persons and entities. (Doc. 1, Complaint ¶¶ 14, 20, 22.)  After the investigations, on August 25, 2002, plaintiff was arrested and charged with arson and insurance fraud. (Doc. 1, Complaint ¶¶ 91, 96.) After spending nearly two and one half years defending himself against the charges, the charges ultimately were dismissed in December 2004. (Doc. 1, Complaint ¶ 99.)  Plaintiff alleges, however, that exculpatory evidence was actually discovered during the investigations into the fire at plaintiff's home, but that the various investigating persons and agencies intentionally or recklessly ignored and disregarded this evidence, with the aim of prosecuting plaintiff for insurance fraud and arson. (Doc. 1, Complaint  ¶ 91.)

Plaintiff alleges that following causes of action against the City of Fresno, the Fire Department and MacAlpine.

1. Fourth Cause of action - for conspiracy to violate plaintiff's civil rights. (Doc. 1, Complaint p. 36).
2. Fifth Cause of action - for violation of Due Process, "unlawful warrantless arrest and prosecution without probable cause."  (Doc. 1, Complaint p. 32)
3. Sixth cause of action - for supervisory liability for constitutional violations against fire defendants.  (Doc. 1, Complaint p. 30).
4. A cause of action for Obstruction of Justice.
5. A cause of action for Terrorists Threats.

## ANALYSIS AND DISCUSSION

**A.  Standard for Motion for Judgment on the Pleadings**

The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.  *Hal*

2

*Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The court must assume the truthfulness of the material facts alleged in the complaint and all inferences reasonably drawn from these facts must be construed in favor of the responding party. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989), *cert. denied,* 493 U.S. 1079 (1990). Defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery. *Id.* at 230.

Like a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (internal citations and quotations omitted). "While a complaint...does not need detailed factual allegations...a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." *Id*. at 1964. To survive this motion, plaintiff's allegations must be plausible on their face. *Id*. at 1973.

With these standards in mind, this Court turns to the merits of the motion.

**B.     Fresno Fire Department as a Defendant**

Defendant Fire Department moves for judgment because it is not a proper party to this action. The Fire Department argues that the City of Fresno is already a party to the action. The Fire Department argues that it is not a "person" under 42 U.S.C. §1983.

Section 1983 applies to the actions of "persons" acting under color of state law. A local governmental unit or municipality can be sued as a "person" under section 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Municipal police departments and bureaus are generally not considered "persons" within the

meaning of 42 U.S.C. § 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.1995). Other types of governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. *Hervey*, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit). *See also Sanders v. Aranas,* 2008 WL 268972, 3 (E.D.Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).

The Complaint alleges claims against the Fresno Fire Department, as well as the City of Fresno. The City of Fresno is the proper party because it is the governmental entity considered a "person" under §1983. The Fresno Fire Department is a "sub-unit" of the City of Fresno and is not a person under §1983. Therefore, judgment should be granted to the Fire Department.

### C.     Official Capacity Against Defendant MacAlpine

Plaintiff alleges that defendant MacAlpine adopted and pursued policies which resulted in harm to plaintiff. The allegations do not set forth conduct in which MacAlpine individually harmed plaintiff.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-472, 105 S.Ct. 873 (1985)). Such an action is not against the public employee personally, "for the real party in interest is the entity." *Graham*, 473 U.S. at 166, 105 S.Ct. 3099.

Local government officials sued in their official capacities are "persons" under section 1983 in cases where a local government would be suable in its own name. *Monell*, 436 U.S. at 690, n. 55, 98 S.Ct. 2018. "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996)). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the

employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002).

"[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity." *Luke*, 954 F.Supp. at 204. As the district court in *Luke*, 954 F.Supp. at 204, explained:

> A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

There are no grounds to maintain the section 1983 claims against MacAlpine in his official capacity given that the City of Fresno is a defendant. The complaint's section 1983 claims are dismissed against MacAlpine defendant in his official capacity.

**D.    Claim for "Obstruction of Justice"**

Plaintiff alleges a cause of action is for obstruction of justice. (Doc. 1, Complaint ¶¶199-203.)

Obstruction of justice is a criminal charge that does not provide a private cause of action. See *Forsyth v. Humana*, Inc., 114 F.3d 1467, 1482 (9th Cir.), *judgment aff'd*, 525 U.S. 299 (1999). In previous motions in this case by other defendants, the Northern District Court, Judge Phyllis J. Hamilton, likewise summarily dismissed this cause of action. (Doc. 42, Order August 22, 2008, p. 5.)

**E.    Claim for "Terrorist Threats"**

Plaintiff alleges a cause of action for terrorists threats. (Doc. 1, Complaint ¶¶ 208-211)

The Court has not found any authority, and no authority has been cited to the Court, for the proposition that plaintiff may maintain a claim for "terrorist threats."

/////
/////
/////
/////
/////
/////

**CONCLUSION**

For the foregoing reasons, the Court Orders as follows:

1. GRANTS the motion for judgment on the pleadings as to all claims against the Fire Department;
2. GRANTS the motion for judgment on the pleadings as to all claims against defendant Donald MacAlpine in his official capacity;
3. DISMISSES the claim for Obstruction of Justice with prejudice; and
4. DISMISSES the claim for Terrorists Threats with prejudice.

IT IS SO ORDERED.

Dated:   **March 10, 2010**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE