**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY MORRIS, | CASE NO. CV F 09-0026 LJO GSA |
| Plaintiffs, | **ORDER AFTER REVIEW OF STATUS REPORTS** |
| vs. | |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | |

The Court has received and reviewed the various status reports filed by plaintiff in response to this Court's order.

**Counsel's Health**

Plaintiff argues that his counsel was gravely ill during the time when the response to the motion for summary judgment, and the requests for admissions, were due. Plaintiff asks for leave to address the summary judgment and relief from the requests for admissions.

Plaintiff has not provided the specificity required, such as dates, medical records, and a signed declaration, for the Court to address this argument. Further, the procedures for considering relief for "mistake, inadvertence, surprise or excusable neglect" must comply with the Federal Rules of Civil Procedure. Fed.R.Civ. P 59 and 60; contrast Cal.Civ.Code Proc. § 473(b). Accordingly, the Court does not act upon this legally insufficient request.

**Motion to Amend**

Plaintiff asks for leave to amend to file an amended complaint. Plaintiff must make any request

1

for leave to amend by a noticed motion as required by the Federal Rules of Civil Procedure. The attitude of informality toward the Federal Rules is unacceptable, and Counsel is cautioned that a continued view of rules will result in a dismissal of the case. In addition, the Scheduling Order provides that any pretrial motion must be filed by May 7, 2010. (Doc. 64, Scheduling Order.) The deadline for filing such a motion has expired.

**Claims for Trial**

In its minute order, the Court requested that plaintiff file a status report as to the claims plaintiff contends are viable following the various motions and dismissals in this case. Plaintiff contends the following claims are viable for trial:

1. Obstruction of Justice and Terrorist Threats;
2. Illegal Search of plaintiff's home;
3. Intentional Infliction of Emotional Distress against MacAlpine; and
4. Claims against the County of Fresno, District Attorneys. (Doc. 121)

The Court has considered plaintiff's status reports (Doc. 121, 120, 122, 123) and finds as follows:

1. The claims for terrorist threats and obstruction of justice have been dismissed from this case following defendants' Motion for Judgment on the Pleadings. (Doc. 105.) Accordingly, trial on these claims will not be permitted.
2. The illegal search of plaintiff's home, if alleged against the City of Fresno, has been adjudicated in favor of the City. (Doc. 115.) The Court found that plaintiff did not identify an official policy or custom of the City that caused constitutional violations. (Doc. 115, Order p. 13-14.) Therefore, no constitutional claim against the City is viable.
3. The County of Fresno District Attorneys have not been adjudicated from this case and plaintiff's claims against the County of Fresno, District Attorneys may proceed.

Plaintiff contends that two viable claims remain against defendant MacAlpine: (1) illegal search, and (2) intentional infliction of emotional distress. From the Court's review of the allegations, there are no charging allegations against MacAlpine for an illegal search. Further, the complaint does not contain charging allegations against MacAlpine for intentional infliction of emotional distress. (See Complaint ¶131.)

2

1  /////

2  /////

3  Within five (5) days of the date of service of this order, plaintiff shall file a statement listing the page and paragraph numbers of the allegations in the Complaint (Doc. 1) which allege illegal search and intentional infliction of emotional distress against MacAlpine.

6  The pretrial conference on July 7, 2010 and trial on August 23, 2010 are confirmed.

7  IT IS SO ORDERED.

8  **Dated:   June 24, 2010**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

3