# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MORRIS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>　　　　　　　Defendants. | 1:09-cv-00026 LJO GSA<br><br>ORDER REGARDING VIABLE CAUSES OF ACTION<br><br>ORDER REGARDING CERTAIN DEFENSES TO BE ASSERTED<br><br>ORDER REGARDING OFFER OF PROOF REGARDING ESTIMATED TIME FOR TRIAL |

On July 22, 2010, a scheduling conference was held in this matter. Because numerous issues arose during the conference, this Order clarifies the remaining causes of action and imposes additional deadlines.

**REMAINING CAUSES OF ACTION**

As the Court indicated during the scheduling conference, the following causes of action remain pending: the Fourth Cause of Action against County of Fresno and Elizabeth Egan; the Sixth Cause of Action against County of Fresno and Elizabeth Egan; the Seventh Cause of Action against County of Fresno and Elizabeth Egan; and the Eighth Cause of Action.

//

//

//

1

1       The parties' joint scheduling statement identified a total of five claims, including the Fifth
2 and Ninth causes of action, yet omitted any reference to the Eighth Cause of Action altogether.
3 (*See* Doc. 137 at 20-21.)  Based on a review of the docket, the Court finds that Plaintiff's Fifth
4 and Ninth Causes of Action do not remain viable.
5       The Fifth Cause of Action is no longer viable following Judge O'Neill's order granting a
6 motion for summary judgment as to the City of Fresno and Don McAlpine.  (Doc. 115.)  Further,
7 Judge O'Neill's order adopting the Findings and Recommendations dated December 16, 2009,
8 dismissed this claim as to the Doe defendants and Insurance defendants.  (Docs. 93 & 96.)  It
9 appears the cause of action was not directed to the County of Fresno or Elizabeth Egan as it
10 specifically named the "Fire Defendants, Insurance Defendants and Doe 21" (*see* Complaint, ¶¶
11 104-113).
12       The Ninth Cause of Action is no longer viable following Judge O'Neill's order adopting
13 the Findings and Recommendations dated December 16, 2009, regarding the Mortgage
14 defendants, Insurance defendants and Deed defendants.  (Docs. 93 & 96.)  The June 9, 2010,
15 order granting summary judgment as to the City of Fresno and Don McAlpine also addressed this
16 claim.  (Doc. 115.)  Additionally, it is noted that on August 22, 2008, the State Bar defendants
17 were dismissed from the action.  In this same order, Judge Phyllis J. Hamilton in the United
18 States District Court for the Northern District of California dismissed this claim in its entirety
19 (*see* Doc. 42 at 5-6 ["Third, the court also DISMISSES with prejudice plaintiff's ninth and
20 thirteenth claims for relief, which allege (a) a claim pursuant to the California Constitution's
21 right to privacy, and (b) a claim for obstruction of justice . . ."]).
22       In the event any party disagrees with the foregoing, the party shall file a brief addressing
23 the disputed cause or causes of action identified herein within fifteen (15) days of the date of this
24 Order.  The brief shall include specific citations to any relevant or referenced pleading and/or the
25 procedural record in this case.  Failure to file a brief within this time frame constitutes a waiver
26 to challenge the remaining causes of action.
27 //
28 //

**DEADLINE REGARDING AFFIRMATIVE DEFENSES TO BE ASSERTED**

The Court has the inherent authority to manage its own docket and recognizes the importance of early resolution regarding the following issues: collateral estoppel, immunities, statute of limitations, respondeat superior and the Tort Claims Act as they may pertain to the County of Fresno and Elizabeth Egan. Therefore, any motion addressing the resolution of the issues listed above *must be filed with the Court no later than November 1, 2010, and must be calendared and heard before District Judge Lawrence J. O'Neill.* Failure to file any such motion will result in waiver of these defenses.

**DEADLINE REGARDING OFFER OF PROOF**

The parties' joint scheduling statement included an estimate of "nineteen court days" for the length of the jury trial in this matter. (Doc. 137 at 32.) In light of this unusually lengthy estimate, on or before July 15, 2011, the parties shall provide an offer of proof as to the substance of all witness testimony, as well as an estimate of the time involved for both direct examination and cross-examination of each witness, as the trial court intends to secure an accurate estimate regarding the length of any jury trial.

Following receipt of the offers of proof, should the Court find any time limit or estimation provided by the parties is unreasonable, the parties are advised the Court will set its own time limitations and the parties will be expected to abide by those limitations.

IT IS SO ORDERED.

Dated:   **July 23, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE