IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MORRIS, | CASE NO. CV F 09-0026 LJO GSA |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTIONS** |
| vs. | **(Doc. 143, in part, Doc. 144)** |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | |

Three motions by plaintiff are pending before this Court: (1) relief from the Requests for Admissions which were deemed admitted, (2) relief from the grant of summary judgment, and (3) objections to the Magistrate Judge's list of pending/surviving causes of action. Defendants filed oppositions to the motions. Plaintiff did not file a reply. Pursuant to Local Rule 230(g), this matter was submitted on the pleadings without oral argument and the hearing was vacated. Having considered the moving and the opposition papers, as well as the Court's file, the Court issues the following order.

**FACTUAL OVERVIEW**

Plaintiff was an attorney admitted to the practice of law in the State of California. In 2002, plaintiff also owned a home located in Fresno, California. Plaintiff's home was insured for fire damage and limited property damage/loss. On August 15, 2002, plaintiff alleges an accidental fire occurred at plaintiff's home. The fire was investigated by the insurer and the Fresno Fire Department, among other persons and entities. After the investigations, on August 25, 2002,

plaintiff was arrested and charged with arson and insurance fraud. After spending nearly two and one half years defending himself against the charges, the charges ultimately were dismissed against plaintiff in December 2004. Plaintiff alleges, however, that exculpatory evidence was actually discovered during the investigations into the fire at plaintiff's home, but that the various investigating persons and agencies intentionally or recklessly ignored and disregarded this evidence, with the aim of prosecuting plaintiff for insurance fraud and arson. Plaintiff alleges numerous civil rights violations and common law causes of action.

In a series of motions, plaintiff's claims against the City of Fresno and Donald MacAlpine and others were adjudicated in these defendants' favor. See Order on Motion for Judgment on the Pleadings (Doc. 105); Order on Motion for Summary Judgment (Doc. 115) and Order with Respect to the Eighth Cause of Action (Doc. 141).

Plaintiff seeks relief from the summary judgment motion, from the deemed admitted Requests for Admission ("RFA") and objects to the "surviving" causes of action.

## ANALYSIS AND DISCUSSION

**A.  Relief from Deemed Admissions**

Federal Rule of Civil Procedure 36(a)(3) provides, in part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter."

Here, plaintiff failed to respond to the requests for admissions propounded by the City on January 22, 2010 and February 9, 2010. Failure to respond to the requests is deemed an automatic admission.

Rule 36 permits a party to request relief from the admissions. Rule 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.R.Civ.P. 36(b). Whether a party is entitled to relief in the form of withdrawal or amendment of responses to requests for admissions lies within the discretion of the district court. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). The Court must determine whether such relief is appropriate is governed by a two-pronged test: a "court may permit withdrawal or amendment if it would (1) promote the presentation of the merits of the

action, and (2) if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Rule 36(b). The Court must consider both prongs to determine whether to permit relief:

> "Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements. Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." *Conlon*, 474 F.3d at 622.

Here, the first prong is met. Withdrawal of the requests for admissions would promote presentation of the case on the merits. The RFA admitted the absence of key elements of the complaint. Plaintiff's failure to respond to the RFA resulted in admissions including the following: (1) there was no conspiracy to violate plaintiff's rights or fabrication of evidence, (2) defendants were lawfully on the property, (3) there was probable cause to arrest plaintiff, among other such admissions fatal to any claim. Further, deciding the case in light of the RFAs would be deciding it on a technicality. Plaintiff has presented evidence that his attorney was seriously ill during the period when the RFA were pending and during the time when the opposition to the summary judgment was due. Defendants do not dispute plaintiff's counsel's serious illness. If the court were to uphold these admissions, plaintiff would necessarily be prevented from presenting the merits of his case. Plaintiff's case would be all but resolved in defendant's favor on the basis of the deemed admissions. Thus, the first prong of the test is met because relief from the admissions would promote presentation of the merits.

As to the prejudice prong, the Court focuses on the "the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623-24 (stating additionally that "prejudice must relate to the difficulty a party may face in proving its case at trial"). The party who relies upon the deemed admissions has the burden of proving prejudice. *Id.* at 622.

Defendant argues that it will be prejudiced from the withdrawal of the admissions. Defendant argues that plaintiff has reported that plaintiff's file has been destroyed by plaintiff's counsel. Defendants present evidence that, "Plaintiff has made representations since that time that his counsel

3

'had some type of accident with the file involving a flooding or some such thing' or that 'some kind of emergency that resulted in the destruction of [his] file.'" (Doc. 148, Opposition p. 4.) Defendant also argues that the County defendants represent that the prosecution file has also been destroyed.

Defendant will suffer minimal, if any, prejudice from withdrawal of the admissions. First, in light of counsel's illness, all dates have been vacated and rescheduled. Discovery is reopened and requests for admissions can be re-propounded to a counsel capable of responding. The pleadings are sought to be amended to allege clearly claims against defendants. The Court does not find that, even if the underlying files have been destroyed, and the Court is not convinced all documents have been destroyed, this is prejudicial. All parties are, then, on the same playing field, one with no documentary evidence. Nonetheless, in light of the parallel state court litigation on the underlying facts, it is possible the documents could be recreated. Therefore, defendant has failed to carry their burden of prejudice.

In light of the illness of plaintiff's attorney, reasonableness of plaintiff's failure to respond, and the minimal prejudice to Defendants, the motion for relief from the deemed admitted RFAs will be granted.

**B.       Relief from Summary Judgment Order**

Here, plaintiff requests relief from the summary judgment order, but the motion is more directed at his motion to amend the complaint.

Plaintiff has failed to file a proposed opposition to the summary judgment motion when he filed his motion for relief. The Court cannot determine whether there is any need to provide relief without a proposed opposition. Accordingly, the motion for relief from the summary judgment order will be denied without prejudice.

**C.       Objections to the Magistrate's List of Viable Causes of Action**

Plaintiff's objections to the Magistrate's list of viable causes of action stems from plaintiff's desire to pursue claims for illegal warrantless searches of plaintiff's home. (Doc. 144 p.12-13.) In his objections, plaintiff states that the illegal searches and seizures were the "factual issues plaintiff cared about" and states that the proposed amended complaint, currently pending before the Magistrate Judge, will "cure this ambiguity."

4

1   In light of plaintiff's argument that the illegal search and seizures are the basis for this
2  constitutional claims, the Court will deny the objections at this time.  Should the Magistrate Judge
3  deny leave to amend, plaintiff may renew his objections.

## CONCLUSION AND ORDER

For all the foregoing reasons the Court orders as follows;

1. The motion for relief from the deemed admitted Requests for Admissions is GRANTED.  In light of this ruling, the Court will grant defendant an election. Defendant may demand responses to the requests for admissions now or may wait to determine whether, if a new complaint is permitted, to re-propound different or additional RFAs.

2. The motion for relief from the summary judgment is DENIED, without prejudice. Plaintiff may refile his motion to set aside the summary judgment **with his proposed opposition** to the summary judgment motion, no later than 14 days from the date of service of this order.  Failure to file timely the motion with the proposed opposition will result in denial of the motion for relief with prejudice.

3. Objections to the Magistrate Judge's List of Viable Causes of Action are DENIED.

IT IS SO ORDERED.

**Dated:**   September 13, 2010              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE