IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MORRIS, | CASE NO. CV F 09-0026 LJO GSA |
| Plaintiffs, | **ORDER ON PLAINTIFF'S MOTION TO AMEND THE JUDGMENT** |
| vs. | |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. / | |

On October 25, 2010, Plaintiff filed a request to amend the judgment against the City of Fresno and Don MacAlpine, pursuant to Fed.R.Civ.P. 59(e). (Doc. 171.) Previously, on October 8, 2010, this Court had granted a motion for summary judgment in favor of defendants City of Fresno and Don MacAlpine and against plaintiff Gregory Morris. Thereafter, the Court entered judgment in accordance with its order. In this current motion, plaintiff contends that the Court erred in affirming the summary judgment motion. The Court erred because the Court granted the summary judgment based on the belief no opposition had been filed when plaintiff, in fact, had filed an opposition to the motion, as the Court ordered. (Doc. 171, Motion p. 4-5.) Plaintiff argues that the Court did not consider his opposition which he filed as Document 164. Defendants City of Fresno and Don MacAlpine filed an opposition on October 27, 2010. Pursuant to Local Rule 230(g), this matter is submitted on the pleadings without oral argument and the hearing set for November 10, 2010 is VACATED. Having considered the moving and

opposition papers, as well as the Court's file, the Court issues the following order.[1]

## Rule 59(e)

A motion to alter or amend a judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, - U.S. - , 128 S.Ct. 2605, 2617, fn. 5 (2008). If the motion is filed within 10 days after the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e). *American Ironworks & Erectors Inc. v. North American Const. Corp.*, 248 F.3d 892, 898–899 (9th Cir. 2001). The motion will lie where: (1) there is newly discovered evidence; (2) the district court committed clear error or its initial decision was manifestly unjust; or (3) there is an intervening change in the controlling law. *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008). The court's commission of some manifest error of law or fact justifies the grant of a Rule 59(e) motion. *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Here, plaintiff moves to amend the judgment based upon the Court's error in granting judgment on behalf of the City and MacAlpine and against plaintiff and for not permitting renewal of objections regarding warrantless searches.

## No Error in Denial of Relief from Summary Judgment

In a series of motions following this Court's grant of summary judgment in favor of the City and MacAlpine, plaintiff asked for relief: (1) relief from the Requests for Admissions which were deemed admitted, (2) relief from the grant of summary judgment, (3) objections to the Magistrate Judge's list of pending/surviving causes of action, and (4) leave to amend the complaint.

The Court granted plaintiff's requested relief from the deemed admitted Requests for Admissions. (Doc. 161, Order on Plaintiff's Motions.) The Court denied the requested relief from the grant of the summary judgment without prejudice. In considering plaintiff's request to be relieved from the Summary Judgment Order, the Court stated:

> "Here, plaintiff requests relief from the summary judgment order, but the motion is more directed at his motion to amend the complaint.

---

[1] In their opposition, defendants argue that the motion is improperly before this Court for failure to comply with several Federal Rules of Civil Procedure and Local Rules. The Court acknowledges that defendant's procedural argument have merit. Nonetheless, the Court elects to dispose of plaintiff's motion on the substance of the motion.

> Plaintiff has failed to file a proposed opposition to the summary judgment motion when he filed his motion for relief. The Court cannot determine whether there is any need to provide relief without a proposed opposition. Accordingly, the motion for relief from the summary judgment order will be denied without prejudice." (Doc. 161, Order Sept. 13, 2010.)

The Court granted plaintiff the opportunity to submit an opposition to the summary judgment, such that the Court could consider whether plaintiff should be relieved of the Summary Judgment Order:

> The motion for relief from the judgment is DENIED, without prejudice. Plaintiff may refile his motion to set aside the summary judgment with his proposed opposition to the summary judgment motion, no later than 14 days from the date of service of this order. Failure to file timely the motion with the proposed opposition will result in denial of the motion for relief with prejudice." (Doc. 161, Order p. 5.)

In response to this Court's request, plaintiff filed a "Motion for Extension." The motion for extension was accompanied by exhibits contained in Doc. 164. During the course of analyzing the "Motion for Extension," the Court reviewed all documents filed in support of that motion, including a document entitled "Opposition to Motion for Motion for Summary Judgment," which plaintiff now argues was not considered by the Court. (Doc. 164, Opposition; Doc. 171, Motion ("Unfortunately, the Court did not realize that plaintiff had indeed filed a proposed Opposition to the motion for Summary Judgment." (Spelling errors omitted).))

Following the Court's review of this particular document, as well as the remainder of the documents filed in the "Motion for Extension," the Court found that "[t]his 'Motion for Extension' does not respond, and does not address, the relief plaintiff originally sought and for which the Court granted leave to file an opposition." (Doc. 167, Order Denying Relief from Summary Judgment.) For instance, the "opposition" argued that there was a conspiracy to conduct warrantless searches and that persons not parties were responsible for plaintiff's injuries. (Doc. 164, Opposition ("Crawford and others were alleged to have snuck the city fire investigative team into plaintiff's home when it was too late for them to enter, weeks after the fire had been extinguished.")) The opposition argued that MacAlpine was not entitled to qualified immunity for illegal, warrantless searches. The opposition continued the argument that illegal searches were the bases of the claims against the City and MacAlpine, when these were not the grounds for the City's motion for summary judgment. The entire basis of plaintiff's opposition was the warrantless searches which the Magistrate Judge had ruled were not part of this case (for failure to

3

provide notice to the defendants), and which were not part of the summary judgment motion. Plaintiff's opposition neither addressed the causes of action which were the subject of the City's and MacAlpine's summary judgment nor countered the arguments made by the City and MacAlpine in the summary judgment. This Court, thus, found that "the documents that have been filed do not address the Summary Judgment Order." Accordingly, as the Court considered the "opposition" filed by plaintiff, the Court finds no error in granting the summary judgment.

## No Error in Denial of Motion to Amend

In plaintiff's Motion to Amend the Judgment, plaintiff argues that the initial complaint contained allegations of warrantless searches such that he should have been able to proceed on those allegations. He argues he filed objections to the Magistrate's Judge's finding that the complaint failed to contain such allegations and he was not given the opportunity to renew his objections. (Doc. 171, Motion p. 4 ("The District Judge Hon. Judge O'Neill in evaluating the situation, decided that the Order would be denied, for now, but that plaintiff could renew his objections if the magistrate denied the motion to amend the complaint" (spelling errors corrected).))

Here, this Court, rather than the Magistrate Judge, independently considered plaintiff's motion to amend the complaint to add allegations of warrantless searches and additional parties. In considering whether to grant leave to amend, the Court also considered plaintiff's position that the original complaint contained allegations of warrantless searches. This Court found that the original complaint failed to allege warrantless searches as a potential claim:

> "While plaintiff argued to the Magistrate Judge that the original complaint contained such allegations, the Court finds that the complaint did not set out claims for warrantless searches. The allegations in the complaint were convoluted, verbose, and conclusory as they related to events surrounding the arson, plaintiff's arrest, and prosecution. The complaint labeled claims (such as false arrest and malicious prosecution) and did not set forth warrantless searches as any basis for any claim. If plaintiff intended to assert warrantless search, the Court finds the complaint failed to give adequate notice to defendants, pursuant to Federal pleading standards, that plaintiff sought liability for warrantless searches, such that defendants are excused for not being aware of a potential warrantless search claim." (Doc. 166, Order on Motion to Amend, p. 7 and n.4.)

Thus, this Court, and not the Magistrate Judge, ruled on the merits of the arguments regarding whether warrantless searches were plead. Based upon this Court's independent consideration of plaintiff's

4

argument, the Court found that the complaint failed to comply with Federal pleading standards and did not set forth claims for warrantless searches.  For all the reasons stated in the denial of leave to amend, this Court finds there is not manifest error.

## **CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Amend the Judgment is DENIED.

IT IS SO ORDERED.

**Dated:   November 1, 2010**               /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE