IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MORRIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 09-0026 LJO GSA<br><br>**ORDER ON DEFENDANT COUNTY AND ELIZABETH EGAN'S RULE 12(c) MOTION** |

By notice filed on November 1, 2010, Defendants the County of Fresno, the Fresno County District Attorney's office and District Attorney Elizabeth Egan (all collectively referred to as "defendants") move for judgment on the pleadings on Plaintiffs' Fourth, Sixth, Seventh and Eighth Causes of Action in the Complaint, and for judgment that the Fresno County District Attorney's office is an improper party. Plaintiff Gregory Morris did not file an opposition. On November 23, 2010, pursuant to Local Rule 230(g), this matter was submitted on the pleadings without oral argument. On November 29, 2010, Morris filed a request to continue the motion. The Court denied the request to continue the hearing for the reasons stated in that order. (Doc. 178.) Therefore, having considered the moving papers, as well as the Court's file, the Court issues the following order.

**FACTUAL BACKGROUND**

This is an action by plaintiff Gregory Morris ("plaintiff") against multiple persons and entities, generally alleging numerous violations of plaintiff's civil rights and other rights protected by federal disability laws.

Plaintiff was an attorney admitted to the practice of law in the State of California. (Doc. 1, Complaint ¶ 53.) In 2002, plaintiff also owned a home located in Fresno, California. (Doc. 1, Complaint ¶¶ 19, 90.) Plaintiff's home was insured for fire damage and limited property damage/loss. (Doc. 1, Complaint ¶ 216.) On August 15, 2002, plaintiff alleges an accidental fire occurred at plaintiff's home. The fire was investigated by the insurer and the Fresno Fire Department, among other persons and entities. (Doc. 1, Complaint ¶¶ 14, 20, 22.) After the investigations, on August 25, 2002, plaintiff was arrested and charged with arson and insurance fraud. (Doc. 1, Complaint ¶¶ 91, 96.) After spending nearly two and one half years defending himself against the charges, the charges ultimately were dismissed in December 2004. (Doc. 1, Complaint ¶ 99.)

Plaintiff alleges that following causes of action against the County of Fresno, the Fresno County District Attorney's office and District Attorney Elizabeth Egan.

1. Fourth Cause of action - for conspiracy to violate plaintiff's civil rights in the arrest, charge and prosecution for arson. (Doc. 1, Complaint p. 36).

2. Sixth Cause of action - for supervisory liability for constitutional violations against defendants. (Doc. 1, Complaint p. 30).

3. Seventh Cause of action - for supervisory liability for constitutional violations as a class action.

4. Eighth Cause of Action - for intentional infliction of emotional distress

## ANALYSIS AND DISCUSSION

**A.    Standard for Motion for Judgment on the Pleadings**

The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The court must assume the truthfulness of the material facts alleged in the complaint and all inferences reasonably drawn from these facts must be construed in favor of the responding party. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989), *cert. denied,* 493 U.S. 1079 (1990). Defendant is not entitled to judgment on the pleadings if the

complaint raises issues of fact which, if proved, would support recovery. *Id.* at 230.

Like a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (internal citations and quotations omitted). "While a complaint...does not need detailed factual allegations...a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." *Id*. at 1964. To survive this motion, plaintiff's allegations must be plausible on their face. *Id*. at 1973.

With these standards in mind, this Court turns to the merits of the motion.

**B.    Fresno County District Attorney's office as a Defendant**

Defendant County of Fresno moves for judgment as to the Fresno County District Attorney's office because the District Attorney's office is not a proper party to this action. (Doc.1, Complaint ¶16.) The County of Fresno argues that the Fresno County District Attorney's office should be dismissed because it is not a "person" under 42 U.S.C. §1983.

Section 1983 applies to the actions of "persons" acting under color of state law. A local governmental unit or municipality can be sued as a "person" under section 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.1995). Other types of governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. *Hervey*, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit). *See also Sanders v. Aranas,* 2008 WL 268972, 3 (E.D.Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).

The Complaint alleges claims against the Fresno County District Attorney's office, as well as the County of Fresno. The County of Fresno is the proper party because it is the governmental entity considered a "person" under §1983. The Fresno County District Attorney's office is a "sub-unit" of the County of Fresno and is not a person under §1983. Therefore, judgment is granted to the Fresno County District Attorney's office.

**C.   Official Capacity Against Defendant Elizabeth Egan**

The complaint alleges claims against District Attorney Elizabeth Egan in both her official capacity and in her individual capacity. She argues she should be dismissed in her official capacity because the County of Fresno is a named defendant.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-472, 105 S.Ct. 873 (1985)). Such an action is not against the public employee personally, "for the real party in interest is the entity." *Graham*, 473 U.S. at 166, 105 S.Ct. 3099.

Local government officials sued in their official capacities are "persons" under section 1983 in cases where a local government would be suable in its own name. *Monell*, 436 U.S. at 690, n. 55, 98 S.Ct. 2018. "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996)). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002).

"[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity." *Luke*, 954 F.Supp. at 204. As the district court in *Luke*, 954 F.Supp. at 204, explained:

A plaintiff cannot elect which of the defendant formats to use. If both are named, it is

proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

There are no grounds to maintain the section 1983 claims against District Attorney Egan in her official capacity given that the County of Fresno is a defendant. The complaint's section 1983 claims are dismissed against defendant Egan in her official capacity.

### D.     Absence of Allegations of Wrongful Conduct by Egan in the Eighth Cause of Action

The eighth cause of action for intentional infliction of emotional distress does not specifically identify District Attorney Egan as an individual defendant. The eighth cause of action identifies conduct by "defendants" as causing plaintiff's emotional distress, but fails to allege charging allegations against defendant Egan in her individual capacity. The allegations do not set forth conduct in which defendant Egan individually harmed plaintiff. The allegations name other defendants but do not attribute any wrongful conduct to defendant Egan. (See Doc.1, Complaint ¶131 (naming defendants Crawford, Safeco, Fresno Fire Investigator).) Accordingly, the eighth cause of action is dismissed as to defendant Egan.

### E.     Prosecutorial Immunity

The Fourth, Sixth and Seventh causes of action are directed to purported wrongful conduct by defendant Egan in the prosecution of plaintiff for arson. The Fourth, Sixth and Seventh causes of action are directed at the "D.A. Defendants," which plaintiff has collectively defined as including defendant Egan. (Doc. 1, Complaint ¶16.) The fourth cause of action alleges a conspiracy to violate plaintiff's constitutional rights related to the arrest, charge and prosecution for arson. The seventh cause of action attempts to allege a claim for a class action for persons who have been or will be arrested, charged and/or prosecuted falsely or wrongfully by the D.A. defendants.[1] The sixth cause of action seeks to hold the "D.A. defendants" liable for constitutional violation related to the arrest and prosecution for arson. The sixth and seventh causes of action seek to hold defendant Egan liable in her supervisor role as the District Attorney for the County of Fresno.

---

[1] No attempt to certify a class has been made in this action.

Defendants argue the District Attorney Egan is entitled to absolute immunity. Defendants argue that District Attorney Egan cannot be liable because she is absolutely immune when performing her role as an advocate.

Prosecutors and other eligible government personnel are absolutely immune from section 1983 damages in connection with challenged activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 507 (1997); *see also Milstein v. Cooley* , 257 F.3d 1004, 1009 (9th Cir. 2001) (prosecutorial immunity protects "the prosecutor's actions [that] are closely associated with the judicial process") (citing *Imbler*); *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003) ("[I]n deciding whether to accord a prosecutor immunity from a civil suit for damages, a court must first determine whether a prosecutor has performed a quasi-judicial function. If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights.") "[A]bsolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case, even if they can be characterized as 'investigative' or 'administrative.'" *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984), *cert. denied*, 469 U.S. 1127 (1985). Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v. Rifkin*, 608 F.Supp. 710, 728 (N.D. Cal. 1984). Further, activities intimately connected with the judicial phase of the criminal process include making statements that are alleged misrepresentations and mischaracterizations during hearings and discovery and in court papers, *see Fry v. Melaragno*, 939 F.2d 832, 837-838 (9th Cir. 1991), and conferring with witnesses and allegedly inducing them to testify falsely, *see Demery*, 735 F.2d at 1144. Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986)(en banc).

**1.     Fourth Cause of Action for Conspiracy to Violate of Constitutional Rights**

In the Fourth cause of action, plaintiff does not attribute any specific wrongful conduct to defendant Egan. Plaintiff alleges that his due process and equal protection rights were violated by being

"arrested, charged, falsely prosecuted, and denied benefits." (Doc. 1, Complaint ¶¶89, 93, 96.) He alleges he "had to appear in court to fight a prosecution that was wholly without probable cause." (Doc. 1, Complaint ¶98.) By these allegations, and assuming the allegations apply to defendant Egan, defendant Egan is entitled to absolute immunity. Plaintiff alleges harm resulting from being charged with arson and being prosecuted for arson. Any decision to bring charges and to prosecute those charges is one "intimately associated with the judicial phase of the criminal process." Accordingly, she is entitled to absolute immunity for the fourth cause of action.

**2.    The Sixth and Seventh Causes of Action for Supervisor liability**

The Sixth cause of action alleges that defendant Egan was a supervisor in the District Attorney's office and a policy maker. Plaintiff alleges that defendant Egan failed to "instruct, supervise and discipline on a continuing basis the subordinates . . ." (Doc. 1, Complaint ¶118.) Plaintiff alleges that the subordinates then unlawfully harassed plaintiff, unlawfully and maliciously imprisoned and prosecuted plaintiff, conspired to "violate the rights, privileges and immunities" and otherwise deprived plaintiff of his rights. (Doc. 1, Complaint ¶118.) The seventh cause of action also alleges supervisory liability as to the D.A. Defendants for the "subjecting persons to arrest, incarceration and prosecution without probable cause . . ." (Doc. 1, Complaint ¶124.)

(1)    <u>Absolute Immunity for Supervisor Liability</u>

The Ninth Circuit has held that, like prosecuting attorneys with direct responsibility for a case, supervisory defendants are entitled to absolute immunity. *Genzler v. Longanbach*, 410 F.3d 630, 643 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 736, 163 L. Ed. 2d 570 (U.S. 2005) *and cert. denied*, 126 S. Ct. 737, 163 L. Ed. 2d 570 (U.S. 2005) and *cert. denied*, 126 S. Ct. 749 (U.S. 2005) (supervisors of prosecutor enjoyed absolute immunity from claims based on allegations they knew prosecutor had granted witness immunity in exchange for perjured testimony and were aware of and condoned use of perjured testimony of witness since such decisions were made during the trial phase of the case and are intimately associated with the judicial phase of the criminal process). *See e.g.*, *Kalina v. Fletcher*, 522 U.S. 118, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997) (arrest warrant).

Defendant Egan is absolutely immune for her supervisory role in the prosecution. The acts complained of in the Sixth cause of action, as they relate to defendant Egan, arise from her supervisory

7

role related to the prosecution of plaintiff for alleged arson. Plaintiff complains of the act of initiating and pursuing the prosecution. Likewise, the wrongful conduct alleged in the seventh cause of action, as it pertains to defendant Egan, is for the prosecution for arson. Plaintiff's allegations do not attribute any wrongful conduct to defendant Egan other than related to the prosecution for arson. Here, the supervisory liability of defendant Egan is subject to absolute immunity because it arises from the conduct directly connected to the prosecution of plaintiff for arson. For these functions, defendant Egan is absolutely immune.

(2)     No allegation of Egan's Causal Connection to alleged wrongful conduct

Even if defendant Egan is not immune, the complaint fail to allege a causal connection between defendant Egan and the wrongful conduct.

A supervisory official may be liable under Section 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir.1991)), *cert. denied,* 502 U.S. 1074 (1992); *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989) (same). Supervisors can be held liable for (a) their own culpable action or inaction in the training, supervision, or control of subordinates; (b) their acquiescence in the constitutional deprivation of which a complaint is made; or (3) for conduct that showed a reckless or callous indifference to the rights of others. *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000).

Under no circumstances, however, is there *respondeat superior* liability under § 1983; that is, there is no liability under § 1983 solely because one is responsible for the actions or omissions of another. *Redman v. County of San Diego*, 942 F.2d at 1446. A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations fail to show any conduct by defendant Egan in which she violated plaintiff's rights. Plaintiff's allegations are merely conclusory as to violation of his rights from his arrest and prosecution for arson. There are no allegation showing defendant Egan's personal involvement. There are no allegations connecting her activities to any alleged constitutional violation. The mere

allegation that she is the District Attorney does not establish the causal connection between the wrongful conduct and the constitutional violation. Accordingly, the sixth and seventh causes of action fail under the theory of supervisor liability.[2]

**F.        42 U.S.C. §1983 of the County**

The complaint alleges wrongful conduct by the County of Fresno related to the arrest and prosecution of plaintiff for arson.

To maintain a section 1983 claim against a local government, a plaintiff must establish the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the constitutional deprivation). *Monell v. New York City Dept. of Social Servs.* 436 U.S. 658, 691-694, 98 S.Ct. 2018 (1978); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A local government unit may not be held liable for the acts of its employees under a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275 (1991). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor." *Monell*, 436 U.S. at 691, 98 S.Ct. at 2018. The local government unit "itself must cause the constitutional deprivation." *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied*, 510 U.S. 932, 114 S.Ct. 345 (1993). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the *respondeat superior* theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A plaintiff may satisfy the principles of *Monell* liability by demonstrating that an "official

---

[2] California District Attorneys serve both state and county functions: They act as state officials, and so possess Eleventh Amendment immunity, when acting in their prosecutorial capacity. *Del Campo v. Kennedy,* 517 F.3d 1070, 1073 (9th Cir. 2008); *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000); see also *Pitts v. County of Kern*, 17 Cal.4th 340, 70 Cal.Rptr.2d 823 (1998). In *Pitts*, the California Supreme Court held that California District Attorneys also act as state actors when training personnel, as well as developing policy, for the prosecution of state law offenses. 70 Cal.Rptr.2d 823. Here, the Court has found that District Attorney Egan is sued for her prosecutorial duties, and she thus, would be entitled to Eleventh Amendment Immunity.

municipal policy" of some sort caused the constitutional tort in question. A plaintiff may demonstrate a "policy" in one of three ways: (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a "final policymaker." *See*, *e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1235-40 (9th Cir.), *cert. denied*, 528 U.S. 928 (1999). Plaintiff must prove that there is a policy, practice, or custom adopted by Defendants that led to his injuries. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006); *see also Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986) (holding that a local government entity cannot be held liable under § 1983 unless the plaintiff alleges "that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy"), *cert. denied*, 479 U.S. 1054 (1987). Counties are liable for constitutional violations under § 1983 only if the individual officer who committed the violation was acting pursuant to a local policy, practice or custom. *King County v. Rasmussen*, 299 F.3d 1077, 1089 (9th Cir. 2002), *cert. denied*, 538 U.S. 1057 (2003).

County argues that because Elizabeth Egan is absolutely immune, and no other county actor is named, there is no basis upon which constitutional liability could rest. (Doc. 174, Moving papers p. 12.) County argues that it is immunized because defendant Egan is immunized.

Although County did not cite any authority for this precise proposition, the Court's research has disclosed some persuasive authority. *See Pergamensch v. Novato Police Dept.*, 2007 WL 2177678 (N.D. Cal. 2007) (County could not be liable for a constitutional violation where the District Attorney was absolutely immune from suit based on actions taken in the prosecution of a criminal case. Because the D.A. inflicted no constitutional injury, the County cannot be liable); *Womack v. County of Amador*, 551 F.Supp.2d 1017 (E.D.Cal. 2008) (the County's § 1983 liability, turns, in part, on whether district attorneys and their investigators, when investigating crime, act on behalf of the state (which would immunize the County from § 1983 liability)). *But see Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1186, n. 7 (9th Cir. 2002) ("The municipal defendants ... assert that if we conclude ... that the individual deputy defendants are not liable for violating Gibson's constitutional rights, then they are correspondingly absolved of liability. Although there are certainly circumstances in which this proposition is correct, ... it has been rejected as an inflexible requirement by both this court and the Supreme Court.... [I]n *Fairley v. Luman*, 281 F.3d 913 (9th Cir.2002), we explicitly rejected a

10

municipality's argument that it could not be held liable as a matter of law because the jury had determined that the individual officers had inflicted no constitutional injury.... 'If a plaintiff established he suffered constitutional injury by the City, the fact that individual officers are exonerated is immaterial to liability under § 1983').  If a plaintiff establishes he suffered a constitutional injury by the City, the fact that individual officers are exonerated is immaterial to liability under § 1983. *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002).  This is true whether the officers are exonerated on the basis of qualified immunity, because they were merely negligent, or for other failure of proof. *See Chew v. Gates*, 27 F.3d 1432, 1438 (9th Cir.1994) ("Supervisorial liability may be imposed under section 1983 notwithstanding the exoneration of the officer whose actions are the immediate or precipitating cause of the constitutional injury.") Thus, the County may remain liable if injury was the result of a County policy, custom or practice.

Plaintiff must allege a policy, custom or practice which violated his constitutional rights.  After a careful review of the complaint, the Court concludes that the only "policy" challenged is the one for the prosecution of suspected arsonists.  In ¶99e, plaintiff alleges that the DA defendants conducted an reckless and inadequate investigation and filed charges without probable cause.  In ¶118 and 119, plaintiff alleges pursuant to "official policy," defendants failed to instruct, supervise and discipline on a continuing basis the subordinate from (1) harassing citizens, (2) prosecuting citizens, (3) conspiring to violate rights, and (4) depriving plaintiff of his rights.  No other "policy" is alleged.

The Court finds that these conclusory allegations do not establish a factually sufficient "policy" to survive this motion.  Reading the allegations most favorably to plaintiff, the allegations do not allege any kind of policy with any specificity.  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009).  In *Iqbal*, the Court held that a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " is insufficient to state a claim under Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1949 (quoting *Twombly*, 550 U.S. at

555, 127 S.Ct. 1955). Plaintiff's conclusory allegations of the 'policy" fail to allege any specificity.

Moreover, the "policy" allegations do not satisfy *Monell* requirements. There is no allegation of an express policy. Plaintiff does not allege that the conduct at issue here was the result of an express or official policy because plaintiff does not allege any policy, officially adopted and promulgated by the County. Plaintiff does not allege a long standing policy or widespread custom or practice. Rather, plaintiff alleges constitutional violations arising from the isolated events surrounding the investigation of the fire at his home and his subsequent prosecution. He does not allege a custom, policy or practice by the County of Fresno which violated constitutional rights other than the prosecution.

Further, even if the allegations state a policy, it is based solely upon acts for which defendant Egan directly is immune and which immunity should flow to the County. The County's liability in these facts is derivative of defendant Egan's liability because the County's alleged liability arises only from defendant Egan's prosecutorial role. The Court finds that the County cannot be liable in this particular situation, given these allegations, for conduct for which the individual defendant is absolutely immune.

## **CONCLUSION**

For the foregoing reasons, the motion for judgment on the pleadings by the County of Fresno and District Attorney Elizabeth Egan is GRANTED.

IT IS SO ORDERED.

**Dated:   December 1, 2010**                    **/s/ Lawrence J. O'Neill**
                                                                        UNITED STATES DISTRICT JUDGE